UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KERI J.,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 3:20-cv-5779-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Administrative Law Judge's ("ALJ") decision is reversed and remanded for further proceedings.

I.   ISSUES FOR REVIEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ err by not evaluating statements from lay witnesses?
3. Did the ALJ provide clear and convincing reasons for discounting Plaintiff's symptom testimony?

## II. BACKGROUND

Plaintiff filed claims for DIB and SSI on October 17, 2017, alleging in both applications a disability onset date of June 28, 2017. AR 63, 264-70. Plaintiff's claims were denied initially and upon reconsideration. AR 63, 204-06, 207-09. ALJ Elizabeth Watson held a hearing on May 28, 2019. AR 83-110. On July 15, 2019, ALJ Watson issued a decision finding that Plaintiff was not disabled. AR 60-77. On June 9, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-7.

Plaintiff seeks judicial review of ALJ Watson's July 15, 2019 decision. Dkt. 4.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the severe impairments of major depressive disorder, unspecified anxiety disorder, somatic symptom disorder, right eye blindness, psoriatic arthritis, fibromyalgia, degenerative disc disease of the thoracic and cervical spine, and bilateral sacroiliitis. AR 65.

The ALJ also found that Plaintiff had the non-severe impairments of gastroesophageal reflux disease ("GERD"), asthma, irritable bowel syndrome ("IBS"), status post-cholecystectomy, chronic headaches, and iritis/uveitis. AR 66. The ALJ

further found that there was insufficient evidence to establish that Plaintiff's urinary incontinence was a medically determinable impairment. *Id.*

      A.  <u>Whether the ALJ erred in evaluating the medical opinion evidence</u>

Plaintiff contends that the ALJ erred in evaluating the opinion of rheumatologist Lisa Vasanth, M.D. Dkt. 16, pp. 13-15.

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions, eliminating a hierarchy among medical opinions, but still requiring ALJs to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Before and after this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 404.1520c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

These are the two most important factors in the ALJ's evaluation of medical opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

Dr. Vasanth provided an opinion concerning Plaintiff's work-related physical limitations on May 22, 2019. AR 1129-33. Based on two examinations conducted in February and May of 2019, Dr. Vasanth diagnosed Plaintiff with psoriatic arthritis, low back pain with right sided weakness, a history of uveitis, and fibromyalgia. AR 1129.

Dr. Vasanth stated that Plaintiff's impairments result in a range of symptoms, including joint pain and stiffness, reduced range of motion and stiffness in her wrists, right leg weakness resulting in two falls, incontinence, and hip pain that limits her ability to walk. *Id.*

Dr. Vasanth opined that Plaintiff's symptoms would interfere with her attention and concentration "very frequently", that Plaintiff would be incapable of performing even low stress work, and that Plaintiff's walking difficulties would interfere with her ability to engage in activities of daily living. AR 1130-31. Dr. Vasanth added that Plaintiff would be absent from work four or more times per month due to her impairments, and would have a range of other serious work-related limitations. AR 1132-33.

The ALJ found Dr. Vasanth's opinion unpersuasive, reasoning that: (1) while Dr. Vasanth was a treating provider, she had a very limited treatment relationship with Plaintiff; (2) Dr. Vasanth's opinion was inconsistent with the medical record, and appeared to be based more on Plaintiff's subjective allegations than the objective

medical evidence; and (3) Dr. Vasanth's opinion that Plaintiff would have difficulty performing activities of daily living was inconsistent with Plaintiff's own statements. AR 74-75.

With respect to the ALJ's first reason, the fact that Dr. Vasanth only examined Plaintiff twice is not, in and of itself, a valid reason for discounting her opinion, especially in light of the revised regulations, which eliminate the regulatory distinction between "treating" and "examining" opinions, and provide that an examining source "may have a better understanding" of an individual's limitations. 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v); *Yeakey v. Colvin*, 2014 WL 3767410 at *6 (W.D. Wash. July 31, 2014) ("When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions.")

As for the ALJ's second reason, the new regulations require the ALJ to consider the "consistency" of a medical source's opinion with the evidence from other medical sources and nonmedical sources in the claim; the more consistent the medical opinion is with this evidence, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

The new regulations also require an ALJ to consider the "supportability" of a medical opinion, meaning that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her

medical opinion(s) … the more persuasive the medical opinions" will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

Here, the ALJ found that despite Dr. Vasanth's opinion, Plaintiff's attention and concentration were frequently intact, and there is no evidence that Plaintiff frequently fell down due to her physical impairments. AR 74.

There is no evidence that Dr. Vasanth relied more on Plaintiff's allegations than her own findings, and the ALJ has not cited any evidence consistent with her conclusion that Plaintiff's attention and concentration were typically intact or her broader conclusion that Dr. Vasanth's opinion was inconsistent with the medical record. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ may not reject an opinion in a vague or conclusory manner).

Further, the results of mental status examinations to this effect would not necessarily be revealing, given that Plaintiff's attention and concentration difficulties stem from her physical, rather than mental, impairments. The Court also notes that the record does contain evidence concerning Plaintiff's falling episodes. AR 1040.

Regarding the ALJ's third reason, a conflict between a treating source's opinion and a claimant's activity level can serve as a valid for rejecting the physician's opinion. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722

1  (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (a disability
2  claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).
3        Here, the ALJ found that Dr. Vasanth's opinion that Plaintiff's impairments would
4  interfere with her ability to engage in activities of daily living was inconsistent with
5  Plaintiff's statements to examining psychologist Gregory Cole, Ph.D. that she was able
6  to perform chores, prepare simple meals, shop for groceries twice a month, travel
7  independently, watch television, and listen to music. AR 746-47, 1131.
8        Plaintiff's ability to engage in these routine activities of daily living, which are
9  limited by pain and fatigue, does not constitute a valid reason for discounting Dr.
10 Vasanth's opinion. AR 746; *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017)
11 ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and
12 caring for a cat in one's own home, as well as occasional shopping outside the home,
13 are not similar to typical work responsibilities.").
14       Accordingly, the ALJ has not provided valid reasons, supported by substantial
15 evidence for discounting Dr. Vasanth's opinion.
16       B.  <u>Whether the ALJ properly evaluated evidence from lay witnesses</u>
17       Plaintiff contends that the ALJ erred by not evaluating lay witness statements
18 from Plaintiff's spouse, daughter, and mother. Dkt. 16, pp. 15-16; AR 296-303, 364-68.
19       The ALJ noted that, under the new regulations, she was not required to evaluate
20 this evidence, but nevertheless stated that these statements were not persuasive,
21 reasoning that they were consistent with Plaintiff's other unpersuasive testimony. AR
22 73-74.
23
24
25
ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

For disability claims filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. §§ 404.1502(e); 404.1520c(d).

Accordingly, even if the ALJ erred in evaluating this evidence, any error would be harmless, since the ALJ was not required to evaluate it at all. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (Harmless error principles apply in the Social Security context).

C.  Whether the ALJ erred in evaluating Plaintiff's testimony

Plaintiff contends that the ALJ erred by not providing clear and convincing reasons for discounting her symptom testimony. Dkt. 16, pp. 3-13.

In evaluating Plaintiff's testimony and the medical record, the ALJ found that Plaintiff's iritis and uveitis were non-severe impairments, that Plaintiff's urinary incontinence was not a medically determinable impairment, and that Plaintiff's eye symptoms were managed effectively with medication. AR 65-66, 70-72.

The record contains evidence submitted by Plaintiff after the ALJ issued her decision. AR 8-20, 37-59. The Social Security Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not relate to the period at issue. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

<sup></sup>

review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of treatment notes from 2019 indicating that Plaintiff had ongoing difficulties with her eyes and worsening urinary tract infection and incontinence problems. AR 8-20, 37-59. On remand, the ALJ shall re-evaluate Plaintiff's visual and urinary symptoms in light of this new evidence.

### D. Remand for Further Proceedings

Plaintiff asks this Court to remand this case for an award of benefits. Dkt, 16, pp. 17-18. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

<sub>Case 3:20-cv-05779-TLF   Document 19   Filed 09/03/21   Page 9 of 10</sub>

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

Here, the ALJ erred in evaluating the opinion of Dr. Vasanth. However, there is also significant evidence consistent with the ALJ's finding, there remains serious doubt concerning whether plaintiff is in fact disabled, and the record has not been fully developed concerning Plaintiff's visual and urinary impairments. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (courts have the flexibility to remand for further proceedings when the record as a whole creates "serious doubt" as to whether the claimant is disabled within the meaning of the Social Security Act.). Accordingly, remand for further administrative proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he found Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to conduct another hearing, take additional evidence as necessary, and re-evaluate the opinion of Dr. Vasanth, Plaintiff's testimony, and the new evidence concerning Plaintiff's visual and urinary impairments.

Dated this 3rd day of September, 2021.

Theresa L. Fricke
United States Magistrate Judge